```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MACIEJ CITAK,

                              Plaintiff,

        -against-

MORE CONSULTING CORP., CONTRACTING
& CONSULTING, INC., and BRIAN MORRELL,

                              Defendants.
-----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 25 2018 ★

LONG ISLAND OFFICE

ORDER
17-CV-6049 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On May 29, 2018, Magistrate Arlene R. Lindsay issued a *sue sponte* Report and Recommendation (the "R&R," ECF No. 22) recommending that the Court dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). A copy of the R&R was served on *pro se* plaintiff Maciej Citak ("plaintiff") on June 4, 2018. (ECF No. 23.) The R&R instructed that any objections be submitted within fourteen (14) days of receipt of the R&R. (R&R at 3.) The deadline for submitting objections has since expired, and no party has objected to the R&R.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure

1

timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. For the reasons that follow, the Court adopts the thorough and well-reasoned R&R in its entirety.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630-31); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a

defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Pearl v. City of New York*, 992 F.2d 458, 461(2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro*

*se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *see also Thornton*, 2014 WL 2805236, at *2.

Here, plaintiff has failed to respond to both his own attorneys and the Court in this case for months. On March 1, 2018, plaintiff's counsel requested to withdraw as counsel, informing the Court that "plaintiff has been unresponsive to our phone calls and letters for many weeks," and that counsel "advised Plaintiff specifically . . . that we are unable to continue to represent him . . . [and] advised Plaintiff of another attorney . . . who is willing and able to take over Plaintiff's case." (ECF No. 22 at 1 (citing ECF No. 13-1).) Magistrate Judge Lindsay granted counsel's motion to withdraw, and directed plaintiff to provide the Court with his updated address and advise whether he intended to proceed with the action *pro se* or with new counsel. (*Id.* at 2.) Magistrate Judge Lindsay explicitly warned plaintiff that a failure to comply with the Court's Order would result in a Report and Recommendation to the District Judge to dismiss this case with prejudice for failure to prosecute. (*Id.*) Plaintiff has failed to communicate with the Court "in any way" (*id.*), despite the Court's warning to plaintiff that failure to update his address or communicate with the Court may result in dismissal of this case. Moreover, the R&R correctly addressed the other factors warranting dismissal with prejudice.

Accordingly, having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the R&R in its entirety. The Court dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall enter judgment accordingly and close this case. The Court also certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2018
Central Islip, NY